IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND, and TIM D. MAITLAND, in his official capacity as a fiduciary, 7234 Parkway Drive Hanover, MD 21076 | ) ) ) ) ) ) | |
| Plaintiffs, | ) | CIVIL ACTION NO. |
| v. | ) ) | |
| MARRERO GLASS & METAL INC. 406 Caredean Drive Chalfont, PA 18914 | ) ) ) ) | |
| and | ) ) | |
| METRO GLASS & METAL 530 W. Butler Avenue Chalfont, PA 18914 | ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiffs, by undersigned counsel, complain as follows.

## JURISDICTION

1. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §§1132, 1145; 29 U.S.C. §185(a); and/or 28 U.S.C. §1331. The claims asserted are all made under federal statutes or federal common law, but the supplemental jurisdiction of the Court under 28 U.S.C. §1367(a) also extends to any claims that are found to lie under state law.

2. A copy of this Complaint is being served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail in accordance with 29 U.S.C. §1132(h).

## VENUE

3.      Venue lies in the District of Maryland under 29 U.S.C. §1132(e)(2), 29 U.S.C. §185(a) and/or 28 U.S.C. §1391(b).

## PARTIES

4.      Plaintiff International Painters and Allied Trades Industry Pension Fund ("Fund" or "Pension Fund") is a trust fund established under 29 U.S.C. §186(c)(5). Its Trustees are the "named fiduciary," "plan administrator" and "plan sponsor" and each is an individual "fiduciary," within the meaning of 29 U.S.C. §§1102(a), 1002(16), (21), for the International Painters and Allied Trades Industry Pension Plan ("Pension Plan"). The Pension Fund is also known as and referenced as "I.U.P.A.T. Union and Industry National Pension Fund" in the Labor Agreements relating to this complaint.

5.      The Pension Plan is a "multiemployer plan," "employee benefit plan," and "employee benefit pension plan" within the meaning of 29 U.S.C. §1002(37), (2), and (3) which is administered and has its principal place of business in this district at the address for the Fund in the caption of this Complaint.

6.      Plaintiff, Tim D. Maitland ("Maitland" and, together with Pension Fund, "Plaintiffs") is a fiduciary of the Pension Fund within the meaning of 29 U.S.C. §1002(21) with respect to collection of contributions due the Fund and related matters. He has a business address as listed in the caption and is authorized to bring this action on behalf of all Trustees of the Fund.

7.      The Pension Fund and Maitland are authorized collection fiduciary(ies) and agent(s) for the Pension Plan and in that capacity sue on behalf of the Pension Plan.

8.      The Pension Fund and Pension Plan are jointly or severally referenced herein as the "Pension Fund."

9. Defendant, Marrero Glass and Metal, Inc. ("Marrero Glass") is a Pennsylvania corporation and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§152(2), (6) and (7), 1002(5), (11), and (12) with a business office at the address listed in the caption. The Company does business with and is bound to the governing documents of the Pension Fund sufficient to create personal jurisdiction over the Company in this district and a substantial part of the events or omissions giving rise to the claim occurred from transactions with the Funds' office(s) in this district.

10. Defendant, Metro Glass and Metal ("Metro Glass" and, together with Marrero Glass, "Company" or "Defendants"), is a Pennsylvania corporation and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§152(2), (6) and (7), 1002(5), (11), and (12) with a business office at the address listed in the caption. Metro Glass does business with and is bound to the governing documents of the Pension Fund sufficient to create personal jurisdiction over the company in this district and a substantial part of the events or omissions giving rise to the claim occurred from transactions with the Fund's office(s) in this district.

## COMMON FACTS

11. At all times relevant to this action, Metro Glass and Marrero Glass were each party to or agreed to abide by the terms and conditions of a collective bargaining agreement(s) (singly or jointly, "Labor Contracts") with one or more local labor unions or district councils affiliated with the International Union of Painters and Allied Trades, AFL-CIO, CLC (the locals, district councils and International being referred to jointly as "Union"). A true and correct copy of the Labor Contract is attached as Exhibit 1. The joinder or signature pages of the Labor Contracts for Metro Glass and Marrero Glass are attached as Exhibits 2 and 3, respectively.

12. Defendants also signed or agreed to abide by the terms of the Agreement and Declaration of Trust of the Fund ("Trust Agreement"), made between certain employers and employee representatives in an industry(ies) affecting interstate commerce to promote stable and peaceful labor relations, and the plan documents for the Pension Fund. A true and correct copy of the Trust Agreement for the Fund is attached as Exhibit 4. True and correct copies of the cover page, table of contents, §§ 3.08, 10.07, 10.08, and 10.11 and signature page of the Pension Plan are attached as Exhibit 5.

13. Under the Labor Contracts, Trust Agreement, plan documents of the Pension Fund or other documents, the Defendants agreed:

(a) To make full and timely payment on a monthly basis to the Pension Fund, as required by the Labor Contracts, Trust Agreement and plan documents. Ex. 1, pp. 17-18 (Art. 13, §13.2); Ex. 4, p.15 (Art.VI, § 2); Ex. 5, § 10.07.

(b) To file monthly remittance reports with the Pension Fund detailing all employees or work for which contributions were required under the Labor Contract. Ex. 1, p. 23 (Art. 13, §13.11); Ex. 4, pp.15-16 (Art.VI, §§3, 5).

(c) To produce, upon request by the Pension Fund, all books and records deemed necessary to conduct an audit of the Company's records concerning its obligations to the Pension Fund and to pay the cost of the audit if found to be delinquent or in violation of the Trust Agreement or Plan. Ex. 1, pp. 17, 22-23 (Art. 13, §§13.2.5, 13.9); Ex. 4, pp.16-17 (Art.VI, §6).

(d) To pay liquidated damages, interest, audit costs, and all costs of litigation, including attorneys' fees, expended by the Pension Fund to collect any amounts due as a consequence of the Defendants' failure to comply with their contractual and statutory obligations described in Subparagraphs (a), (b) and (c). Ex. 1, p. 17-18 (Art. 13, §§13.2.6, 13.13); Ex. 4, pp.

16-17 (Art.VI, §§ 4, 6); Ex. 5, §§ 10.07, 10.11.

14. On information and belief, Defendants are (were) at all relevant times affiliated business enterprises engaged in the same business with centralized control of labor relations, that use and have used identical employees, equipment, and other assets in such a manner as to constitute a single integrated business enterprise that is a single employer or alter ego for all purposes relevant to this action.

15. On information and belief, Defendants have the same owner, President, and officers.

16. As a single employer or alter ego, both Defendants are bound to the Labor Contract and Trust Agreement.

17. All conditions precedent to this lawsuit or the relief it seeks have been satisfied.

### **COUNT I - CONTRIBUTIONS UNDER ERISA - SUM CERTAIN**

**PLAINTIFFS**
**v.**
**DEFENDANTS**

18. The allegations of Paragraphs 1 through 17 are incorporated by reference as if fully restated.

19. Based on information currently available to the Pension Fund, Marrero Glass has failed to pay amounts due under the Labor Contracts, Trust Agreements and Plan from July 2016 through December 2017, in at least the sum of $59,314.16 in violation of 29 U.S.C. § 1145, as detailed in the attached Exhibit 6.

20. When an employer fails to submit the contractually required reports, the Fund estimates the contributions owed based on the average of the contributions owed and hours worked for the previous three (3) months prior to the estimated period. The amounts owed for

the period July 2016, through July 2017 are reported and unpaid. The amounts owed for the period August 2017 through December 2017 are estimated. A worksheet detailing the months and amounts used to calculate the estimated delinquencies is attached as Exhibit 7.

  21. The Pension Fund is adversely affected and damaged by the Company's violation of 29 U.S.C. § 1145.

  **WHEREFORE**, Plaintiffs ask that the Court:

    (1) Declare that the Defendants are alter egos of each other or constitute a single employer but that in either case they both are bound to all terms and conditions of the Labor Contracts, Trust Agreement, and plan documents and are individually, jointly, and severally liable to the Pension Fund;

    (2) Enter judgment against Defendants in favor of the Plaintiffs, for the benefit of the Pension Fund, for at least the sum certain amount plus any additional amounts which may become due during the pendency of this lawsuit, together with interest at the rate(s) prescribed by 26 U.S.C. § 6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the documents governing the ERISA Funds or statute, the cost of any audit and reasonable attorneys' fees and costs incurred in this action or the collection or enforcement of any judgment all as provided under the Trust Agreements, plan documents of the ERISA Funds, and 29 U.S.C. § 1132(g)(2); and

    (3) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT II - CONTRIBUTIONS UNDER CONTRACT - SUM CERTAIN

**PLAINTIFFS**
v.
**DEFENDANTS**

22. The allegations of Paragraphs 1 through 17 are incorporated by reference as if fully restated.

23. Marrero Glass has not paid the Pension Fund as required by the Labor Contract, and other documents incorporated by the Labor Contract, such as the Trust Agreements or plan documents of the Pension Fund.

24. Based on information currently available to the Plaintiffs, Marrero Glass has failed to pay amounts due under the Labor Contracts, Trust Agreements and Plan from July 2016, through December 2017, in at least the sum of $59,314.16 as detailed in the attached Exhibit 6. This sum is partially estimated in accordance with governing Fund documents. Ex. 7.

25. The Pension Fund has been damaged as a proximate result of the breach of Labor Contract and/or its incorporated documents by Marrero Glass.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) Declare that the Defendants are alter egos of each other or constitute a single employer but that in either case they both are bound to all terms and conditions of the Labor Contract and are individually, jointly, and severally liable to the Pension Fund;

(2) Enter judgment against the Defendants and in favor of Plaintiffs, for the benefit of the Pension Fund, for the sum certain currently due plus any additional amounts which become due and owing during the pendency of this litigation or as a result of an audit together with liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection or enforcement of any judgment, as provided in the Labor Contract and

Trust Agreements; and

   (3) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT III - AUDIT

### PLAINTIFFS
### v.
### DEFENDANTS

  26. The allegations of Paragraphs 1 through 25 are incorporated by reference as if fully restated.

  27. The amount of contributions the Defendants are required to pay to the Pension Fund is based upon hours worked and paid to employees performing work covered by the Labor Contracts.

  28. The Pension Fund is without sufficient information or knowledge to plead the precise nature, extent and amount of the Defendants' delinquency because the books, records and information necessary to determine this liability are in the exclusive possession, custody and control or knowledge of the Defendants.

  29. Computation of the precise amount of an employer's delinquency is best achieved by an audit of the employer's books and records to compare them to contractually-required remittance reports submitted by the employer.

  30. No audit of Defendants books and records has been performed because Metro Glass has continuously refused to comply with audit requests and Marrero Glass has refused to fully comply with audit requests.

  31. Defendants are required by the Labor Contracts, Trust Agreement, plan documents of the Pension Fund and/or applicable law to permit the Pension Fund to audit their

records, to cooperate in determining the contributions due the Fund and to pay the cost of the audit if found to be delinquent.

32. The Pension Fund and its fiduciaries and officers are adversely affected or damaged by the lack of an audit as, among other things, they have a duty to audit and confirm amounts due from contributing employers.

33. The Pension Fund and its fiduciaries and officers have no adequate remedy at law for lack of an audit as the calculation of any damages suffered as a result of the breach requires an audit.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) Declare that the Defendants are alter egos of each other or constitute a single employer but that in either case they are all bound to all terms and conditions of the Labor Contract and are individually, jointly, and severally liable to the Pension Fund;

(2) Enjoin the Defendants, their officers, agents, servants, employees, attorneys and all others in active concert or participation with them to permit an audit of all records under the actual or constructive control of the Defendants for the period November 2012 through present and, in the absence of records, to cooperate in alternative methods for the determination of work for which contributions are due;

(3) Order the Defendants to pay for an audit by a Certified Public Accountant chosen by the Funds; and

(4) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT IV - CONTRIBUTIONS UNDER ERISA AFTER AUDIT

### PLAINTIFFS
### v.
### DEFENDANTS

34. The allegations of Paragraphs 1 through 33 are incorporated by reference as if fully restated.

35. On information and belief, the Defendants have failed to make contributions to the Pension Fund in violation of 29 U.S.C. §1145 in a period not barred by an applicable statute of limitations or similar bar.

36. The Pension Fund is adversely affected or damaged by the Defendants' violation of 29 U.S.C. §1145.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) Declare that the Defendants are alter egos of each other or constitute a single employer but that in either case they all are bound to all terms and conditions of the Labor Contract and are individually, jointly, and severally liable to the Pension Fund;

(2) After an audit, enter judgment against the Defendants in favor of Plaintiffs, for the benefit of the Pension Fund, for the contributions found due and owing by the audit, together with interest at the rate(s) prescribed by 26 U.S.C. §6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the plan document(s) or statute(s), the cost of the audit, and reasonable attorneys' fees and costs incurred in this action and in connection with any proceedings to enforce or collect any judgment all as provided under the Trust Agreements, Plan and 29 U.S.C. §1132(g)(2); and

(3) Grant such other or further relief, legal or equitable, as may be just,

necessary or appropriate.

## COUNT V - CONTRIBUTIONS UNDER CONTRACT – AFTER AUDIT

**PLAINTIFFS**
**v.**
**DEFENDANTS**

37. The allegations of Paragraphs 1 through 33 are incorporated by reference as if fully restated.

38. Plaintiffs are damaged as a proximate result of the breach of the Labor Contract and its incorporated documents by Company with respect to any amounts found due in an audit.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) Declare that the Defendants are alter egos of each other or constitute a single employer but that in either case they all are bound to all terms and conditions of the Labor Contract and are individually, jointly, and severally liable to the Pension Fund;

(2) Enter judgment against the Company and in favor of Plaintiffs, for the benefit of the Funds, for the sum certain currently due plus any additional amounts which become due and owing during the pendency of this litigation or as a result of an audit together with liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection or enforcement of any judgment, as provided in the Labor Contract and Trust Agreements; and

    (2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

              Respectfully submitted,

              **JENNINGS SIGMOND, P.C.**

Date: <u>February 14, 2018</u>      <u>/s/ Judith Sznyter</u>
              JUDITH SZNYTER (Bar ID: 29743)
              MAUREEN W. MARRA*
              Jennings Sigmond, P.C.
              1835 Market Street, Suite 2800
              Philadelphia, PA 19103
              Phone: (215) 351-0641/0674
              Fax: (215) 922-3524
              jsznyter@jslex.com/dmd_erisa@jslex.com

              *Attorneys for Plaintiffs*

*Application for admission *Pro Hac Vice* will be submitted at the appropriate time.